# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DARLENE CASTILLO,

    Petitioner,

    v.                                                      No. 18-CV-00052-JB-KBM

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondent.

## ORDER TO SHOW CAUSE

This matter is before the Court, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, on Petitioner Darlene Castillo's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (hereinafter referred to as "§ 2254 petition"), filed on January 17, 2018. [Doc. 1] For the reasons explained below, the Court will require Petitioner to show cause why her § 2254 petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A).

The following facts are derived from the face Petitioner's § 2254 petition and attached exhibits. *See Kilgore v. Attorney Gen. of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008) (noting that a district court can dismiss a habeas petition *sua sponte* if "untimeliness is clear from the face of the petition"). On April 8, 2013, Petitioner was convicted of trafficking controlled substances in violation of N.M. Stat. Ann. § 30-31-20 and use or possession of drug paraphernalia in violation of N.M. Stat. Ann. 30-31-25.1(A) in case number D-503-CR-2012-00225. [Doc. 1 at 1, 22-25] Petitioner did not file a direct appeal from her convictions, but she did file a state petition for writ of habeas corpus on July 24, 2013. [*Id.* at 2, 23] Petitioner's petition for writ of habeas corpus

was dismissed on October 8, 2013. [*Id.*]

More than four years later, on January 17, 2018, Petitioner filed the present § 2254 petition challenging her convictions in case number D-503-CR-2012-00225. [Doc. 1] Petitioner alleges that her convictions are invalid because she was deprived of her constitutional right to effective assistance of counsel and the evidence was insufficient to sustain her convictions. [*Id.* at 5, 7] With respect to the timeliness of her § 2254 petition, Petitioner explains that her § 2254 petition was not filed within the one-year limitations period in 28 U.S.C. § 2244(d) because she "thought that [she] had extinguished all petitions" until "[s]omeone told [her] about a Federal Habeas so [she is] taking a chance on it." [*Id.* at 13]

Title 28 of the United States Code, section 2244(d) imposes a one-year limitation on "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run, in relevant part, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file a direct appeal from criminal convictions and, therefore, her convictions became final thirty days after the entry of judgment. *See* NMRA 12-201(A)(1)(b) (noting that an appeal as of right must be taken "within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office"). Thus, Petitioner's convictions became final on May 8, 2013 and the one-year limitation period expired on May 8, 2014.

The Court recognizes that the one-year limitation period is subject to statutory tolling during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's state petition for writ of habeas corpus was pending from July 24, 2013 until October

8, 2013 and, therefore, the one-year limitation period was tolled during this seventy-six day time period. Accordingly, Petitioner had until July 23, 2014 to timely file her § 2254 petition.

Petitioner's § 2254 petition was not filed, however, until January 17, 2018, more than three years after the expiration of the one-year limitation period. Although the one-year limitation period in § 2244(d) is subject to equitable tolling, s*ee Holland v. Florida*, 560 U.S. 631, 645 (2010), a litigant seeking equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is appropriate only in "rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), and "a garden variety claim of excusable neglect" is not enough to warrant application of the doctrine, *Holland*, 560 U.S. at 651 (internal quotation marks and citation omitted).

To the extent that Petitioner seeks to toll the one-year limitation period based on her ignorance of the law, Petitioner's claims is rejected. "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks and citation omitted); *see also Gibson*, 232 F.2d at 808 (noting that "a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling"). Nonetheless, the Court will afford Petitioner an opportunity to explain why the doctrine of equitable tolling may be applicable to her § 2254 petition and why it should not be dismissed as untimely under § 2254(d)(1)(A). Failure timely to respond to this Order or otherwise show cause may result in the dismissal of Petitioner's § 2254 petition without further notice.

IT IS THEREFORE ORDERED that, within thirty (30) days of the date of entry of this Order, Petitioner shall file a response showing cause, if any exists, why her § 2254 petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE