IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARLENE CASTILLO,

    Petitioner,

vs.                                                                                                      No. CIV 18-0052 JB\KBM

ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Petitioner's Order to Show Cause, filed May 11, 2018 (Doc. 7)("Response"), in which Petitioner Darlene Castillo responds to the Honorable Karen B. Molzen, United States Magistrate Judge's Order to Show Cause, filed May 3, 2018 (Doc. 6)("Show Cause Order"). In the Show Cause Order, Magistrate Judge Molzen ordered Castillo to show cause why the Court should not dismiss as untimely her Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed January 17, 2018 (Doc. 1)("§ 2254 Petition"). Castillo appears to seek equitable tolling of the one-year limitation period, contending that she "has been researching continuously . . . [the] legal issues pertaining to [her] case," but she has not been provided with access to "case law pertaining to cases with issues in common" or "[a]dequate legal assistance." Response at 1. Additionally, Castillo alleges that she has been "moved from one facility to another after being [on] lockdown for several months." Response at 1. For the reasons explained below, the Court will dismiss Castillo's § 2254 petition with prejudice, deny a certificate of appealability, and enter Final Judgment.

**FACTUAL BACKGROUND**

Castillo's § 2254 Petition reveals the following facts. See Rule 4 of the Rules Governing Section 2254 Cases in The United States District Courts (requiring the Court to "promptly examine" and dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"). On April 8, 2013, Castillo was convicted of trafficking controlled substances in violation of N.M. Stat. Ann. § 30-31-20 and use or possession of drug paraphernalia in violation of N.M. Stat. Ann. § 30-31-25.1(A) in State v. Castillo, No. D-503-CR-2012-00225, see New Mexico Courts Case Lookup at 22-25, filed January 17, 2018 (Doc. 1). Castillo did not file an appeal from the judgment of conviction. See New Mexico Courts Case Lookup at 22-23.

On July 24, 2013, Castillo filed a state petition for writ of habeas corpus alleging that she received ineffective assistance of counsel and that the evidence was insufficient to support her convictions. See New Mexico Courts Case Lookup at 23. Castillo's state petition for writ of habeas corpus was dismissed on October 8, 2013. See New Mexico Courts Case Lookup at 23. More than four years later, on January 17, 2018, Castillo filed the present § 2254 petition, which also raises ineffective assistance of counsel and insufficiency of the evidence claims. See § 2254 Petition at 5, 7. Because Castillo filed the § 2254 Petition more than one year after her conviction had become final, Magistrate Judge Molzen ordered her to show cause why the Court should not dismiss her petition as untimely under 28 U.S.C. § 2244(d)(1)(A). See Show Cause Order at 1. Magistrate Judge Molzen notified Castillo that, although the one-year limitation period in § 2244(d)(1)(A) is subject to equitable tolling, such tolling is appropriate only in "rare and exceptional circumstances," Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), and Castillo bears the burden to demonstrate that she has been pursuing her rights diligently but that

extraordinary circumstances stood in her way, see Show Cause Order at 3.  In response, Castillo appears to ask the Court to toll the one-year limitation period, because she has been denied access to relevant case law and adequate legal assistance, she has been on lockdown for months, and she has been transferred from one facility to another.  See Response at 1.

**ANALYSIS**

There is a one-year limitation period on the filing of a § 2254 petition, which begins to run, in relevant part, on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Castillo did not file a direct appeal from the judgment of conviction and, therefore, her convictions became final thirty days after the entry of judgment.  See N.M.R.A. 12-201(A)(1)(b) (providing that an appeal as of right must be filed "within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office").  Accordingly, absent statutory or equitable tolling, the one-year limitation period to file a timely § 2254 petition expired on May 8, 2014.

The one-year limitation period is subject to statutory tolling during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Castillo's state petition for writ of habeas corpus was pending for seventy-six days, from July 24, 2013 until October 8, 2013, which tolled the expiration of the one-year limitation period to July 23, 2014.

Castillo filed her § 2254 Petition on January 17, 2018 and, thus, it is untimely unless the doctrine of equitable tolling applies.  "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(internal

quotation marks and citations omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d at 928 (internal quotation marks and citations omitted).

Castillo has not established that extraordinary circumstances prevented her from filing a timely § 2254 petition. Ignorance of the law, and lack of access to unspecified legal materials or legal assistance, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(internal quotation marks and citation omitted). See Roderick v. Salzburg, 335 F. App'x 785, 787-88 (10th Cir. 2009)(holding that a "conclusory claim as to inadequate access to legal materials is insufficient to account for [a] long delay" in filing a § 2254 petition)(unpublished). Additionally, neither prison lockdowns nor transfers between different prison facilities constitute the type of rare and exceptional circumstance that warrant application of the doctrine of equitable tolling. See Dill v. Workman, 288 F. App'x 454, 457 (10th Cir. 2008) (holding that a prison lockdown does not qualify as an extraordinary circumstance)(unpublished); Parker v. Jones, 260 F. App'x 81, 85 (10th Cir. 2008) (holding that it is "beyond peradventure that . . . vague allegations" about prison lockdowns "will not justify equitably tolling the limitations period")(unpublished); Lucero v. Suthers, 16 F. App'x 964, 965 (10th Cir. 2001)(holding that "transfers have become commonplace, and transferee facilities almost universally retain sufficient information to allow prisoners to submit habeas claims")(unpublished).

Even if extraordinary circumstances existed, Castillo does not explain, with particularity, the manner in which each of these circumstances prevented her from promptly filing and the steps she took to pursue her rights with due diligence during the past few years. See Yang v. Archuleta, 525 F.3d at 930 (holding that vague and conclusory allegations will not suffice to

warrant application of the doctrine of equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(holding that, to apply the doctrine of equitable tolling, a petitioner must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). Accordingly, the Court concludes that Castillo is not entitled to equitable tolling of the one-year limitation period in § 2244(d)(1)(A), and the Court will dismiss her § 2254 petition with prejudice as time barred.

In a habeas proceeding, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts. To be entitled to a certificate of appealability, Castillo must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate the Court's conclusion that 28 U.S.C. § 2244(d)(1)(A)'s one-year limitation period bars Castillo's § 2254 Petition is barred by and, therefore, the Court will deny a certificate of appealability.

**IT IS ORDERED** that: (i) the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed January 17, 2018 (Doc. 1), is dismissed with prejudice; (ii) a certificate of appealability is denied; and (iii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Darlene Castillo
Springer Correctional Facility
Springer, New Mexico

    *Plaintiff pro se*